**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL WASSUM**<br>2265 Richland Terrace<br>Quakertown, PA 18951<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PERUZZI IMPORTS, INC.**<br>2601 N. Bethlehem Pike<br>Hatfield, PA 19440<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL NO. ______________**<br><br><br><br><br><br>***JURY TRIAL DEMANDED*** |

## COMPLAINT – CIVIL ACTION

Plaintiff Paul Wassum, by and through his undersigned attorney, for his Complaint against Defendant Peruzzi Imports, Inc., alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action contending Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.[1] by discriminating and retaliating against him and terminating his employment because of his age, actual and/or perceived disabilities, record of impairment/disability, and protected activity.

2. Additionally, Plaintiff brings this action contending that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, et seq., by failing to pay him overtime compensation.

[1] Plaintiff intends to amend this Complaint to add claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. upon administrative exhaustion.

## PARTIES

3. Plaintiff Paul Wassum is a citizen of the United States and Pennsylvania, who currently resides at 2265 Richland Terrace, Quakertown, PA 18951.

4. Upon information and belief, Defendant Peruzzi Imports, Inc. is a Pennsylvania corporation with a registered office at 165 Lincoln Highway, Fairless Hills, PA 19030 and a business location at 2601 N. Bethlehem Pike, Hatfield, PA 19440.

5. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as if the same were fully set forth at length herein.

7. On or about April 13, 2026, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e-5(b) and (e).

8. Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2026-05552 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

9. On or about August 17, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising that he had ninety (90) days to file suit against Defendant.

10. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

11. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

12. This is an action authorized and instituted pursuant to the ADA, ADEA, FLSA, and PMWA.

13. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1343.

14. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal claims.

15. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Parties reside herein and the events giving rise to this action occurred herein.

## FACTUAL BACKGROUND

16. Paragraphs 1 through 15 are hereby incorporated by reference as if they were fully set forth at length herein.

17. Plaintiff began his employment with Defendant on or about August 14, 2024 as a Parts Counter Associate.

18. Plaintiff worked at Defendant's Toyota dealership, which is located at 2601 Bethlehem Pike, Hatfield, PA 19440.

19. Defendant paid Plaintiff an hourly rate plus a small amount in monthly commissions.

20. Plaintiff regularly worked over 40 hours per work week, but Defendant failed to pay Plaintiff the required overtime rate (1.5x his regular rate of pay) for the time he worked beyond 40 hours.

21. For example, during the workweeks in 2024 of September 8, September 15, September 22, September 29, October 6, October 13, October 20, October 27, November 3, and November 10, Plaintiff worked an average of 44.16 hours per week, but Defendant did not pay Plaintiff overtime compensation at the required overtime rate.

22. Plaintiff did not qualify for any exemptions from the overtime requirements of the FLSA or PMWA, and as such he was entitled to overtime pay.

23. In or around December 2024, Plaintiff was assigned a new supervisor, Anthony Lorenzo ("Mr. Lorenzo").

24. Mr. Lorenzo, the Parts Department Manager, was in his mid-20s.

25. Plaintiff was 59 years old when Mr. Lorenzo became his supervisor.

26. Mr. Lorenzo frequently made discriminatory comments about Plaintiff's age in the workplace.

27. For example, Mr. Lorenzo made ostensible "jokes" such as claiming Plaintiff was around when car engines were invented, when the Civil War occurred, and when dinosaurs were around.

28. Plaintiff asked Mr. Lorenzo to stop making these inappropriate comments about his age, but Mr. Lorenzo did not listen and his harassment persisted.

29. On or about October 27, 2025, Plaintiff sought medical care from his doctor for testicular swelling and pain.

30. His doctor prescribed him medication, scheduled him for a follow up appointment later that week, and referred him to a urologist.

31. At work the following day, October 28, 2025, Plaintiff informed Mr. Lorenzo of his medical condition and that, as a result, he needed to remain seated while working.

32. The next day, October 29, 2025, Defendant abruptly terminated Plaintiff's employment.

33. Mr. Lorenzo claimed Plaintiff's termination was warranted because he was too slow, implicitly referencing Plaintiff's age as well as the fact that his sitting accommodation necessarily caused him to work slightly slower.

34. Additionally, while it terminated Plaintiff's employment, Defendant retained the other Parts Counter Associates, all of whom were in their 20s and 30s, but who performed their job at the same level as me.

35. In light of the forgoing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of his age, his actual and/or perceived disabilities, and his record of disability/impairment, as well as for requesting and requiring reasonable accommodation, in violation of the ADEA and the ADA.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**
**29 U.S.C. 621, et seq.**
**DISCRIMINATION**

36. Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37. Plaintiff was born in 1965 and is therefore protected under the ADEA.

38. Defendant violated the ADEA by unlawfully and illegally discriminated against Plaintiff on account of his age, being above the age of forty (40) years old at the time of the unlawful discrimination.

39. Defendant took tangible employment action against Plaintiff by terminating his employment on the basis of his age.

40. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

41. Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

A. Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial;

B. Liquidated damages in the maximum amount;

C. Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT ("ADA")**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE**

42. Paragraphs 1 through 41 are hereby incorporated by reference as though the same were fully set forth at length herein.

43. Pursuant to the ADA, Plaintiff is a qualified individual with a disability.

44. Plaintiff requested to remain seating while working as an accommodation for his disability.

45. Defendant violated the ADA by terminating Plaintiff's employment on the basis of her actual and/or perceived disability and in retaliation for requesting/requiring accommodation.

46. Additionally, Defendant violated the ADA by failing to engage in good faith in the interactive process and failing to accommodate Plaintiff.

47. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, income, and significant economic benefits as well as pain and suffering, mental and emotional distress, damage to reputation and career, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages in an amount to be determined at trial;

D. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**FAIR LABOR STANDARDS ACT ("FLSA")**
**29 U.S.C. § 201, et seq.**
**FAILURE TO PAY OVERTIME COMPENSATION**

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49. Defendant is an enterprise engaged in commerce or in the production of goods for commerce, and Plaintiff was engaged in commerce or in the production of goods for commerce while employed by Defendant.

50. Per Section 207(a)(1) of the FLSA, employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

51. Defendant required Plaintiff to work in excess of 40 hours per week, but failed to pay Plaintiff overtime at the required rate for overtime hours.

52. Defendant denied and refused to pay Plaintiff earned overtime compensation, in violation of the FLSA.

53. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

54. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for compensable hours worked in excess of forty (40) hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law; and

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968 ("PMWA")**
**43 P.S. § 333, <u>et seq.</u>**
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

55. Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56. The PMWA provides that employers must pay certain "minimum wages," including overtime wages, to its employees. <u>See</u> 43 P.S. § 333.113.

57. The PMWA further provides that "employe[e]s shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of 40 hours in a workweek. 43 P.S. § 333.104.

58. Defendant required Plaintiff to work in excess of 40 hours per week, but failed to pay Plaintiff overtime at the required rate for overtime hours.

59. Defendant denied and refused to pay Plaintiff earned overtime compensation, in violation of the PWMA.

60. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to his under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Jake Daniel Novelli, Esq.*
Jake Daniel Novelli, Esq.
Murphy Law Group, LLC
1628 John F. Kennedy Blvd, Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: August 21, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation